[999 NYS2d 283]

In the Matter of GILBERT PEREZ, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 19, 2014

**APPEARANCES OF COUNSEL**

*Andrea E. Tomaino, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*John F. Speranza*, Rochester, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 7, 1986. On May 23, 2014, he was convicted upon his plea of guilty in Rochester City Court of offering a false instrument for filing in the second degree in violation of Penal Law § 175.30, a class A misdemeanor. The plea was entered in satisfaction of a felony complaint alleging that, from 2009 through 2011, respondent submitted to the New York State Unified Court System Attorneys for Children Program and the Monroe County Assigned Counsel Program several payment claim vouchers that contained false statements or false information. During the plea colloquy, respondent admitted that, on October 23, 2011, he violated Penal Law § 175.30, and he stated that the alleged false statements at issue were caused by inattentiveness and negligent record keeping. Respondent made restitution in the amount of $28,335, and the court sentenced him to an unconditional discharge.

This Court subsequently determined that respondent had been convicted of a "serious crime" within the meaning of Judiciary Law § 90 (4) (d) and, by order entered August 21, 2014, directed him to show cause why a final order of discipline should not be entered. Respondent appeared before this Court on September 9, 2014, and was heard in mitigation.

In determining an appropriate sanction, we have considered in mitigation respondent's expression of remorse, his otherwise unblemished record, and his substantial record of providing pro bono legal services. In addition, we have considered the numerous letters of support from respondent's colleagues and others attesting to his good character and standing in the community. We have further considered respondent's statement that the conduct at issue in the criminal proceeding arose from inattentiveness and negligent record keeping, rather than fraudulent intent. However, we have considered in aggravation that, by virtue of his guilty plea, respondent has admitted that on one occasion he filed an assigned counsel voucher knowing that it contained a false statement or false information.

Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended from the practice of law for a period of three months.

SCUDDER, P.J., FAHEY, CARNI and DEJOSEPH, JJ., concur.
Order of suspension entered.